IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| MARTIN J. WALSH,<br>SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT OF LABOR,<br><br>    Plaintiff,<br><br>v.<br><br>ALLEN ROOFING AND CONSTRUCTION, INC.<br>a corporation, and NATHAN A. TRAPPE,<br>individually and as owner and corporate<br>officer of the aforementioned corporation,<br><br>    Defendants. | Civil Action No. 2:21-cv-1008 |

## COMPLAINT

Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor ("Secretary"), brings this action to enjoin Allen Roofing and Construction, Inc. and Nathan A. Trappe, individually and as owner/officer of Allen Roofing and Construction, Inc., (collectively, "Defendants"), from violating Sections 7, 11, 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., ("Act"). The Secretary also seeks a judgment against Defendants for back-wage compensation, plus an equal amount in liquidated damages, for Defendants' employees.

### JURISDICTION

1. Pursuant to Sections 16(c) and 17 of the Act, 29 U.S.C. §§ 216(c) and 217, and 28 U.S.C. §§ 1331 and 1345, this Court has jurisdiction over this action.

### DEFENDANTS

2. Defendant Allen Roofing and Construction, Inc. ("ARC") was incorporated in

Iowa as a corporation with a principal place of business at 241 ARC Lane, Monona, Iowa 52159, which is within the venue and jurisdiction of this Court.

3. Defendant ARC is engaged in residential roofing and construction work.

4. Defendant Nathan A. Trappe is the owner/manager of ARC and on information and belief resides in Monona, Iowa, within the jurisdiction and venue of this Court.

5. Mr. Trappe has been actively involved in ARC's day-to-day operations, including assigning work and setting schedules, hiring and firing employees, determining rates of pay, signing paychecks, and setting human resources, payroll, and hours of work policies. Mr. Trappe acts directly or indirectly in the interest of ARC in relation to its employees and meets the definition of an employer under Section 3(d) of the Act.

## SECRETARY'S INVESTIGATION

6. From June 11, 2019 through January 28, 2020, the Secretary, through the Wage and Hour Division, investigated Defendants for potential violations of the Act.

7. The Secretary's investigation analyzed Defendant's pay practices for the period of August 13, 2017 through August 10, 2019 ("Investigation Period").

8. Unless stated otherwise, all allegations and conditions described herein pertain to the Investigation Period.

## COVERAGE

9. Defendants are an enterprise under Section 3(r) of the Act, in that Defendants have been, through unified operation or common control, engaged in the performance of related activities for a common business purpose, such as roofing and re-roofing of residential homes.

10. Defendants' employees engage in commerce or in the production of goods for commerce, including handling or otherwise working on goods or materials that have been moved

in or produced for commerce, such as using Landmark Shingles manufactured by CertainTeed of Malvern, Pennsylvania.

11. From 2017 to 2019, ARC had an annual gross volume of sales made or business done of at least $500,000.

12. Defendants employed the individuals in the attached Exhibit A, in an enterprise engaged in commerce or in the production of goods for commerce, during the Investigation Period.

13. Upon information and belief, Defendants have continued to employ employees engaged in commerce or in the production of goods for commerce since the Investigation Period through the present.

## VIOLATIONS

14. Defendants willfully violated Sections 7 and 15(a)(2) of the Act by compensating the employees listed in Exhibit A at rates less than the statutory premium overtime wage rate required by Section 7 of the Act. Defendants are therefore liable for unpaid overtime wages and an equal amount of liquidated damages under Section 16(c) of the Act.

15. For example, during the Investigation Period, Defendants failed to pay employees in the role of roofer one and a half times their regular hourly rates for hours they worked in excess of forty in a workweek, in violation of Section 7 of the Act. Under Sections 7 and 15(a)(2) of the Act, Defendants were required, and failed, to pay these employees one and one-half times their regular rate for hours worked over forty in a workweek.

16. Defendants violated Sections 11(c) and 15(a)(5) of the Act by failing to make, keep, and preserve adequate and accurate records of their employees, as required by 29 C.F.R. Part 516. For example, Defendants failed to make, keep, and preserve adequate and accurate

records of hours worked by their employees.

17. As a result of the foregoing, Defendants owe the employees listed in Exhibit A compensation for hours worked that were paid at rates less than the rates set forth in Section 7 of the Act.

18. Defendants may owe additional amounts to other of Defendants' employees – whose identities are not now known to Plaintiff – for the Investigation Period and continuing through to the time Defendants demonstrate they are complying with the Act.

19. During the Investigation Period, Defendants continually and willfully violated the Act as alleged above. Section 17 of the Act, 29 U.S.C. § 217, specifically authorizes a judgment permanently enjoining and restraining the violations described herein.

**RELIEF**

The Secretary prays for a judgment:

(a) Pursuant to Section 17 of the Act, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them who receive actual notice of any such judgment, from violating Sections 6, 7, 11(c), 15(a)(2), and 15(a)(5) of the Act;

(b) Pursuant to Section 16(c) of the Act, finding Defendants liable for unpaid overtime wages, plus liquidated damages, owing to Defendants' employees listed in Exhibit A for the Investigation Period; and

(c) Pursuant to Section 16(c) of the Act, finding Defendants liable for unpaid overtime wages, plus liquidated damages, owing to Defendants' employees listed in Exhibit A for violations occurring after the Investigation Period, as well as to other of Defendants'

employees who may be presently unknown to the Secretary and who are owed unpaid wages for the Investigation Period and violations occurring thereafter.

If the Court does not award liquidated damages as described above in Paragraphs (b) and (c), then the Secretary seeks an injunction pursuant to Section 17 of the Act restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from withholding all wages found owing to Defendants' employees, plus prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621.

Lastly, the Secretary prays for a judgment awarding costs and granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

Elena S. Goldstein
Deputy Solicitor of Labor

Christine Z. Heri
Regional Solicitor

Evert H. Van Wijk
Associate Regional Solicitor

*/s/Dana M. Hague*
Dana M. Hague (KS Bar No. 21572)
Senior Trial Attorney
U.S. Department of Labor
Office of the Solicitor
2300 Main Street, Suite 1020
Kansas City, MO 64108
Phone: 816-285-7289
Fax: 816-285-7287
hague.dana.m@dol.gov

Attorneys for Plaintiff Secretary of Labor,
United States Department of Labor