IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| MARTIN J. WALSH,<br>SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT OF LABOR,<br><br>Plaintiff,<br><br>v.<br><br>ALLEN ROOFING AND CONSTRUCTION, INC.<br>a corporation, and NATHAN A. TRAPPE,<br>individually and as owner and corporate<br>officer of the aforementioned corporation,<br><br>Defendants. | Civil Action No. 2:21-CV-01008 |

## CONSENT JUDGMENT

Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor, hereinafter referred to as "Plaintiff" or "the Secretary," has filed his Complaint alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. (hereinafter "the Act"). Defendants named above, hereinafter referred to as "Defendants" or "Employers," have appeared by counsel, and waive formal service of process of the Summons and Complaint, waive their Answer and any defense which they may have and hereby agree to the entry of this Consent Judgment without contest. It is, therefore, upon motion of the Plaintiff and for cause shown:

ORDERED, ADJUDGED, AND DECREED that Defendants, their officers, agents, servants, and all persons acting or claiming to act on their behalf and interest be, and they hereby are, permanently enjoined and restrained from violating the provisions of Sections 6, 7, 11(c), and 15, of the Act, in any manner, specifically:

1.	Defendants shall not, contrary to Section 6 of the Act, pay to any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, wages at rates less than those which are now, or which in the future may become, applicable under Sections 6 and 15(a)(2) of the Act.

2.	Defendants shall not, contrary to Section 7 of the Act, employ any of their employees including, but not limited to, any of their employees working for Allen Roofing and Construction, Inc., Nathan A. Trappe, individually and as owner of the aforementioned corporation, or at any business location owned, operated, and/or controlled by Defendants, and at any other business location at which their employees perform work, in any workweek when they are engaged in commerce or employed in an enterprise engaged in commerce, within the meaning of the Act, for workweeks longer than the hours now, or which in the future become, applicable under Sections 7 and 15(a)(2) of the Act, unless the said employees receive compensation for their employment in excess of the prescribed hours at a rate equivalent to one and one-half times the regular rates applicable to them.

3.	Defendants shall not fail to make, keep, and preserve adequate records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them including, but not limited to, any of their employees working for Allen Roofing and Construction, Inc., Nathan A. Trappe individually, and as owner of the aforementioned corporation, or at any business location owned, operated, and/or controlled by Defendants, and at any other business location at which their employees perform work, as prescribed by the regulations issued pursuant to Section 11(c) and 15(a)(5) of the Act and found at 29 C.F.R. Part 516.

4. Pursuant to Section 15(a)(3) of the Act, Defendants shall not discharge or take any retaliatory action against any of their employees, whether or not directly employed by Defendants, because the employee engages in any of the following activities:

    i. Discloses, or threatens to disclose, to a supervisor or to a public agency, any activity, policy, or practice of the Employers or another employer, with whom there is a business relationship, that the employee reasonably believes is in violation of the Act, or a rule or regulation promulgated pursuant to the Act;

    ii. Provides information to, or testifies before, any public agency or entity conducting an investigation, hearing or inquiry into any alleged violation of the Act, or a rule or regulation promulgated pursuant to the Act, by the Employers or another employer with whom there is a business relationship;

    iii. Objects to, or refuses to participate in any activity, policy or practice which the employee reasonably believes is in violation of the Act, or a rule or regulation promulgated pursuant to the Act.

It is further ORDERED, ADJUDGED and DECREED by the Court that:

5. Defendants are enjoined and restrained from withholding gross back wages in the sum total amount of $36,247.07, and are jointly and severally liable for the payment of $36,247.07 in liquidated damages, due to certain employees and former employees of Defendants set forth and identified on Exhibit A, which is attached hereto and made a part hereof.

6. Defendants shall pay gross back wages and liquidated damages in the total amount of $72,494.14, for violations of the overtime provisions of the Act by Defendants alleged to have occurred during the period beginning August 13, 2017 and ending August 10, 2019

("Investigation Period"). This amount shall represent the full extent of back wages and liquidated damages owed by Defendants for the Investigation Period to the employees set forth and identified on Exhibit A. It is further agreed that the overtime compensation payments by Defendants in the amount as specified above are in the nature of back wages and liquidated damages pursuant to the provisions of the Act. Defendants shall remain responsible for all tax payments considered to be the "employer's share," including, but not limited to, FICA.

      a.      The provisions of this Consent Judgment relative to back wage and liquidated damages payments shall be deemed satisfied when Defendants deliver to the designated representatives of Plaintiff a payment in the amount of $72,494.14 within thirty (30) days of the entry of this Judgment by the Court. Payment may be made online by ACH transfer, credit card, or debit card by going to https://www.pay.gov/public/form/start/77734516 or www.pay.gov. Alternatively, payment may be in the form of a certified or cashier's check made payable to the order of "Wage and Hour Division – Labor," and mailed to:

> U.S. Department of Labor, Wage and Hour Division
> P.O. Box 2638
> Chicago, Illinois 60690-2638

The check or money order shall bear the following reference: Case ID# 1884647.

      b.      Along with the payment of $72,494.14, Defendants shall furnish to Wage and Hour Division, P.O. Box 2638, Chicago, Illinois 60690-2638 the following information: The federal tax identification number for each Defendant; and the Social Security Number, last known address, last known telephone number and last known e-mail address of each person listed on Exhibit A hereto.

7. Upon receipt of full payment from Defendants, the Secretary's counsel shall file with the Court a certificate of payment, and representatives of the Secretary shall distribute Defendants' payments, less appropriate deductions for federal income withholding taxes and the employee's share of the social security (F.I.C.A.) tax, to the employees or former employees listed on Exhibit A, or their legal representative or estate as their interests may appear, in accordance with the provisions of section 16(c) of the Fair Labor Standards Act. Defendants remain responsible for the employer's share of F.I.C.A. arising from or related to the back wages distributed by the Secretary. Any funds not distributed within a period of three years from the date of this Judgment because of inability to locate the proper persons or because of such person's refusal to accept the sums sought to be distributed shall be deposited with the Treasurer of the United States pursuant to 29 U.S.C. § 216(c).

8. The provisions of this Consent Judgment shall not in any way affect any legal right of any individual not named on Exhibit A, nor shall the provisions in any way affect any legal right of any individual named on Exhibit A to file any action against Defendants for any violations alleged to have occurred outside the Investigation period.

9. Neither Defendants nor anyone on their behalf shall directly or indirectly solicit or accept the return or refusal of any sums paid under this Consent Judgment. Any such amount shall be immediately paid to the Secretary for deposit as above, and Defendants shall have no further obligations with respect to such returned monies. If recovered wages have not been claimed by the employee or the employee's estate within three years of the entry of this Consent Judgment, the Secretary shall deposit such money with the Treasury in accordance with Section 16(c) of the Act.

10. The parties agree that the instant action is deemed to solely cover Defendants' business and operations for the Investigation Period for all claims raised in the Complaint as a result of the Secretary's investigation. The parties agree that the filing of this action and the provisions of this Judgment shall not, in any way, affect, determine, or prejudice any and all rights of any person specifically named on Exhibit A or the Secretary for any period after August 10, 2019, or any persons, be they current or former employees, not specifically named on Exhibit A, insofar as such rights are conferred and reserved to said employees by reason of Section 16(b) of the Act.

11. Defendants agree that they are employers within the meaning of Section 3(d) of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

12. Defendants agree that travel time between Defendant's shop and worksites is compensable time if workers are required to report to the shop before or after work to carry out any work-related tasks such as loading or unloading vehicles, cleanup, and filling out paperwork. Defendants shall not allow any employee to work without proper compensation, including time spent in travel to or from a worksite as noted above, meetings, pre-shift or post-shift work, or time spent working during meal periods.

13. By entering into this Consent Judgment, Plaintiff does not waive his right to conduct future investigations of Defendants under the provisions of the FLSA and to take appropriate enforcement action, including assessment of civil money penalties pursuant to Section 16(e) of the FLSA, with respect to any violations disclosed by such investigations.

It is FURTHER ORDERED, ADJUDGED AND DECREED that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding including, but not limited to, attorney fees which may be available under the Equal Access to Justice Act, as amended.

_____
UNITED STATES DISTRICT JUDGE

Dated: May 28, 2021

Defendants hereby consent to the
entry of this Judgment:

For the Employers Allen Roofing and
Construction, Inc. and Nathan A. Trappe

/s/ Nathan A. Trappe

Nathan A. Trappe
Individually, and as owner of
Allen Roofing and Construction, Inc.
41 ARC Lane
Monona, IA 52159

SIMMONS PERRINE MOYER
BERGMAN PLC

_/s/Brian Fagan
Brian Fagan (IA Bar No. 17369)
115 3rd Street SE, Suite 1200
Cedar Rapids, IA 52401-1266
(319) 896-4033
(319) 366-1917 (fax)
bfagan@spmblaw.com

Attorney for Allen Roofing and
Construction, Inc., and Nathan A. Trappe

For the Secretary:

Elena S. Goldstein
Deputy Solicitor of Labor

Christine Z. Heri
Regional Solicitor

Evert H. Van Wijk
Associate Regional Solicitor

_/s/Dana M. Hague_
Dana M. Hague (KS Bar No. 21572)
Senior Trial Attorney
U.S. Department of Labor
Office of the Solicitor
2300 Main Street, Suite 1020
Kansas City, MO 64108
Phone: 816-285-7289
Fax: 816-285-7287
hague.dana.m@dol.gov
Attorneys for Plaintiff

8

Jacob Aulwes

Tyler Buchheit

Robert E. Defazio

Selvin Godinez

Cesar Gomez

Kreig Holt

Nickolas J. Kirby

Clint Kleve

Fermin Loyes

Robert Reichard

Joshua Smethurst

**Exhibit A**